**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5145

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DOUGLAS TODD GREENE,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, District Judge. (5:05-cr-00246)

Submitted: August 31, 2007      Decided: September 28, 2007

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

R. Brent Walker, LAW OFFICE OF R. BRENT WALKER, Charlotte, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Corey F. Ellis, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Douglas Todd Greene appeals his conviction following a jury trial for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Finding no reversible error, we affirm.

Greene first contends there was insufficient evidence to support his conviction. We review the district court's decision to deny a motion for judgment of acquittal de novo. United States v. Gallimore, 247 F.3d 134, 136 (4th Cir. 2001). If the motion was based on insufficiency of the evidence, the verdict must be sustained if there is substantial evidence, taking the view most favorable to the government, to support it. Glasser v. United States, 315 U.S. 60, 80 (1942). "[S]ubstantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc).

To establish possession of a firearm by a convicted felon under § 922(g)(1), the government must prove that "(1) the defendant previously had been convicted of a crime punishable by a term of imprisonment exceeding one year; (2) the defendant knowingly possessed . . . the firearm; and (3) the possession was in or affecting commerce, because the firearm had traveled in interstate or foreign commerce." United States v. Langley, 62 F.3d

602, 606 (4th Cir. 1995) (en banc). Greene challenges only the knowing possession element of the offense on appeal. Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992). A person has constructive possession of an item if he knows of its presence and exercises or has the power to exercise dominion and control over it. United States v. Scott, 424 F.3d 431, 435 (4th Cir.), cert. denied, 126 S. Ct. 779 (2005). Possession may be established by circumstantial evidence. United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir. 1993), overruled on other grounds by United States v. Bailey, 516 U.S. 137 (1995).

Viewing the evidence in the light most favorable to the Government, we conclude there was sufficient evidence to support Greene's conviction. Witness testimony established Greene's presence as the driver of the Ford truck minutes before the collision, and DNA evidence established Greene's blood was on a rifle found in the truck after the collision. A jury could reasonably infer from this evidence that Greene constructively possessed the firearm.

Greene also contends that the district court abused its discretion by admitting hearsay statements made by his mother at the scene of the collision regarding the ownership of the Ford truck and his possession of the rifle. The district court's evidentiary rulings are entitled to substantial deference and will not be reversed absent a clear abuse of discretion. See United

States v. Moore, 27 F.3d 969, 974 (4th Cir. 1994).  We conclude the hearsay statements of Greene's mother fell within the excited utterance exception to the hearsay rule, Federal Rule of Evidence 803(2), and thus the district court did not abuse its discretion in admitting the statements.

Accordingly, we affirm Greene's conviction.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED